UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jerome M. Daniels, | Civil No. 13-CV-736 (JNE/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMENDATION AND ORDER |
| Lucinda Jesson, Lori Swanson, Matthew Shwandt, Dan Goldberg, Barb Windels, James Jungers, and Shirly Jacobson, | |
| Defendants. | |

---

Jerome M. Daniels, *Pro Se*, #35764, MCF–Moose Lake, 1111 Highway 73, Moose Lake, Minnesota 55767.

Marsha Eldot Devine and Aaron Winter, Esqs., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, Minnesota 55101, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Motion to Dismiss") [Doc. No. 16] and Jerome M. Daniels's ("Daniels") Motion to Appoint Counsel. [Doc. 27]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends granting Defendants' Motion to Dismiss and denies Daniels's Motion to Appoint Counsel.

**I.     BACKGROUND**

    **A.     Factual Background**

In his Complaint, Daniels alleges that Defendants have violated his civil rights under 42 U.S.C. § 1983. (Compl.) [Doc. No. 1]. Daniels alleges that he has been the subject of an unlawful search and seizure and has not been afforded due process or equal protection.[1] (*Id.* at 2). Specifically, Daniels alleges the following facts:

> In February of 2007 I, Jerome M. Daniels, was delivered from my living unit within the [Minnesota Sex Offender Program "MSOP"] to an isolation cell and held there for 5-6 weeks. This was accomplished upon orders from James C. Jungers (Office of Special Investigations)—MSOP/ [Department of Corrections "DOC"] agent. While being held in isolation employees/agents of MSOP were instructed by James C. Jungers to search my living unit cell with specific instructions to seize any and all financial documents and hand them over to him (Jungers). These many room searche[s] were initiated without my physical presence, without my consent, or authorization to search personal property, and without a search warrant (my civil rights had been restored).

(*Id.* at 4). Daniels claims that, as a result of this search, his life savings were wrongfully taken from him. (*Id.* at 6). Daniels also alleges that he was not provided an itemized listing of charges in a bill he received for his "care and confinement" at MSOP. (*Id.*). In addition, Daniels identifies how each of the named Defendants was involved allegedly in the conduct of which he complains. *See* (*id.*). As relief, he requests an investigation and audit of MSOP and its financial actions, the return of his life savings with interest, and anything else deemed appropriate by the Court. (*Id.* at 7).

---

[1]     Daniels explained that his cause of action in his previous state case, *Minnesota Dep't of Human Servs. v. Daniels*, No. A11-1972, 2012 WL 4052517 (Minn. Ct. App. Sept. 17, 2012) *review denied* (Nov. 27, 2012), involved an unlawful search and seizure and has not been afforded due process or equal protection. *See* (Compl. at 2). Daniels's current Complaint, however, does not specifically identify any such violations in his statement of the claim. *See* (*id.* at 4). Because Daniels explains that the current action deals with the same facts as his previous state court case, the Court liberally construes Daniels's Complaint to include causes of actions for unlawful search and seizure and violations of due process and equal protection.

2

Daniels also notes that he had been involved in a state court lawsuit as well. (*Id.* at 2). In *Minnesota Department of Human Services v. Daniels*, the Department instituted the action to get reimbursement for the cost of Daniels's care at the MSOP facility. *Daniels*, 2012 WL 4052517 at *1. The state district court granted summary judgment in favor of the Department, and Daniels appealed "asserting that the confiscation of non-exempt assets for the cost of his care violates his constitutional rights to equal protection, to due process, against excessive fines, and against unreasonable search and seizure because the evidence of his assets was obtained through an unlawful search." *Id.* The Minnesota Court of Appeals affirmed the state district court's decision. *Id.* The Minnesota Court of Appeals provided the following factual summary of Daniels's case:

> In June 2002, a district court committed appellant Jerome Daniels to the MSOP as a sexual psychopathic personality (SPP) and a sexually dangerous person (SDP). This court affirmed Daniels's commitment.
>
> In May 2007, respondent Minnesota Department of Human Services filed a complaint against Daniels seeking injunctive relief and recovery of the cost of his care. The department alleged that Daniels had refused to disclose his financial assets and failed to pay $496,500.30 for the cost of his care, as required by Minn.Stat. § 246.52 (2010). The department also moved for an emergency temporary restraining order and applied for a preliminary attachment order to protect its ability to recover funds from Daniels. The department requested that the district court enjoin Daniels from "depositing, cashing, assigning, transferring, disposing or altering in any way" a $268,035.41 bank draft payable to Daniels or his company, Vic N. More Inc., and funds in several other accounts. The district court granted both motions and directed Daniels to deliver the $268,035.41 bank draft to the district court to hold in escrow. The district court later converted the temporary restraining order and preliminary attachment order into a temporary injunction.
>
> In January 2008, the department moved for summary judgment, and the district court entered judgment against Daniels. The district court determined that there were no genuine issues of material fact, concluding that Daniels's rights to equal protection and due process were not violated and that requiring him to pay the cost of his care did not violate the Eighth Amendment. The district court further determined to be moot Daniels's argument that the department should not be permitted to benefit from evidence of his assets that was obtained as the result

3

of an illegal search and seizure. Finally, the district court concluded that Daniels was entitled to have $50,086.59—the full amount of his IRA funds—returned to him because they are exempt from attachment or garnishment under Minn. Stat. § 550.37, subd. 24 (2010). Daniels appealed from the summary judgment.

Following a request from Daniels for interest on his IRA funds, the district court determined that Daniels was "entitled to the interest that he would have earned had the draft been deposited in accordance with the Court's Order," in the amount of $522.36. Daniels appealed from the interest judgment, and this court consolidated his appeals.

*Id.* at *1–2. Daniels argued at the state district court and the Minnesota Court of Appeals that evidence of his financial resources was obtained through an illegal search and seizure of his unit at the MSOP facility. *Id.* at *5. Both courts, however, found the issue outside of the pending motion for summary judgment and declared the issue moot. *Id.*

### B. Procedural Background

Daniels filed his Complaint on April 1, 2013. (Compl.). Daniels also filed an application to proceed in forma pauperis; his application was denied. (Application to Proceed in District Court Without Prepaying Fees or Costs) [Doc. No. 2]; (Order Dated Apr. 23, 2013) [Doc. No. 4]. On July 11, 2013, Daniels filed a Motion to Appoint Counsel, which was denied on July 15, 2013. (Mot. to Appoint Counsel) [Doc. No. 10]; (Order Dated July 15, 2013) [Doc. No. 11].

On August 14, 2013, Daniels filed a Motion for Extension of Time seeking additional time to serve Defendants, which was granted. (Mot. for Extension) [Doc. No. 12]; (Order Dated Dec. 12, 2013) [Doc. No. 14]. Defendants noticed their appearance and moved for dismissal for lack of subject matter jurisdiction and failure to state a claim on January 10, 2014. (Notice of Appearance) [Doc. No. 15]; (Mot. to Dismiss). On March 5, 2014, Daniels filed a second Motion to Appoint Counsel. (Second Mot. to Appoint Counsel) [Doc. No. 27].

## II. DISCUSSION

In their Motion to Dismiss, Defendants argue Daniels's Complaint should be dismissed

pursuant to Federal Rule of Civil Procedure 12(b)(1) for a lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. *See* (Mot. to Dismiss at 1).

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of proving jurisdiction. *McConnell v. U.S. Gov't*, No. 09-cv-1273 (JRT/SRN), 2010 WL 3548475, at *4 (D. Minn. Sept. 7, 2010) (citing *VS Ltd. P'ship v. Dep't of Hous. & Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000)).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a claim must include sufficient factual allegations to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss for failure to state a claim, the Court accepts as true all factual allegations in the complaint. *See, e.g.*, *id.*

Daniels's Complaint alleges violation of 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Court will first address whether it has subject matter jurisdiction over Daniels's Complaint. Next, the Court will analyze whether Daniels has properly stated a claim upon which relief can be granted.

### 1. Subject Matter Jurisdiction

To determine whether the Court has subject matter jurisdiction over Daniels's claim, it must look to the Eleventh Amendment of the U.S. Constitution.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment's immunity from suit in federal court extends to state officials when "the state is the real, substantial party in interest." *Harris v. Hammon*, 914 F. Supp. 2d 1026, 1034 (D. Minn. 2012) (DSD/JJK) (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. Of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002)). "Thus, the Eleventh Amendment bars actions, in Federal Court, which seek monetary damages from individual State Officers, in their official capacities, as well as State Agencies, because such lawsuits are essentially 'for the recovery of money from the state.'" *King v. Dingle*, 702 F. Supp. 2d 1049, 1069 (D. Minn. 2010) (ADM/RLE) (citations omitted). "The Eleventh Amendment protects the State, and the arms of the State, from liability for monetary damages in a Section 1983 action." *Id.* (citations omitted).

One exception to state immunity under the Eleventh Amendment is that the constitutional immunity does not apply to awards for prospective relief. *Carlson v. Ritchie*, 960 F. Supp. 2d 943, 950 (D. Minn. 2013) (MJD/TNL) (citing *Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004)). The prospective relief exception allows "federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." *Id.* (citing *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 73 (1996)); *see Green v. Mansour*, 474 U.S. 64, 68 (1985) (summarizing *Ex parte Young*, 209 U.S.

123 (1908)). The exception is narrow and limited to "prospective injunctive relief to prevent a continuing violation of federal law." *McGee v. Feneis*, No. 07-CV-4868 (PJS/FLN), 2009 WL 2928245, at *4 (D. Minn. Sept. 8, 2009) (citing *Green*, 474 U.S. at 68).

Daniels does not state any claims against Defendants in their individual capacities. *See* (Compl.). Because an individual capacity claim must be expressly stated in the pleadings or it will be assumed that individuals are sued in their official capacities, the Court cannot read Daniels's Complaint to state claims against Defendants in their individual capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.") (internal citations omitted); *see also* (Compl.). Moreover, "'[w]hile *pro se* complaints are construed liberally, *pro se* plaintiffs must still specifically assert individual-capacity claims.'" *Nelson v. Stuart*, 11-CV-3143 (DSD/TNL), 2014 WL 859147, at *16 (D. Minn. Mar. 5, 2014) (quoting *Bailey v. Cnty. of Kittson,* No. 07–cv–1939 (ADM/RLE), 2008 WL 906349, at *5 (D. Minn. Mar. 31, 2008)) (citing *Lopez–Buric v. Notch*, No. 00–CV–928 (ADM/RLE), 168 F. Supp. 2d 1046, 1050 (D. Minn. 2001)).

Further, even with the benefit of liberal construction, Daniel's Complaint "sounds" in official capacity claims. For example, when stating his claim, Daniels alleges each named Defendant is involved in his case, and each of these individuals was described as an employee or agent of the MSOP, the Minnesota Attorney General, or the Commissioner of the Minnesota Department of Human Services. (Compl. at 6). In addition, Defendants' counsel represents to the Court that counsel "is unaware of any of the named Defendants being personally served in

7

this case and believes only the Attorney General's Office has been sued." (Defs.' Mem. in Supp. of Mot. to Dismiss) [Doc. No. 18 at 1 n.2].

Because Daniels is suing Defendants in their official capacities, the State of Minnesota is the real party in interest. *See Bisciglia v. Lee*, 370 F. Supp. 2d 874, 878 (D. Minn. 2005); *King*, 702 F. Supp. 2d at 1069. Since Defendants are state officials, Eleventh Amendment immunity is implicated. *See Bisciglia v. Lee*, 370 F. Supp. 2d 874, 878 (D. Minn. 2005); *King*, 702 F. Supp. 2d at 1069. MSOP operates under the auspices of the Minnesota Department of Human Services, which is itself a subdivision of the State of Minnesota. *See Nelson v. State of Minnesota*, No. 04-cv-192 (MJD/JGL), 2005 WL 1719369, at *4 (D. Minn. July 20, 2005) *report and recommendation adopted*, 2005 WL 2205826 (Sept. 8, 2005). The individual Defendants are entitled to immunity under the Eleventh Amendment, because they are officials employed by the State of Minnesota. *Id.* This case contains no express waiver of the State of Minnesota's Eleventh Amendment immunity nor any statutory abrogation of that immunity for § 1983 claims. *See Mashak v. Minnesota*, No. 11-CV-473 (JRT/JSM), 2012 WL 928225, at *10 (D. Minn. Jan. 25, 2012) *report and recommendation adopted*, 2012 WL 928251 (Mar. 19, 2012) ("Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. Minnesota has not waived its immunity from § 1983 claims, nor has the State of Minnesota consented to suit.") (internal citations omitted).

Daniels does not seek "prospective injunctive relief to prevent a continuing violation of federal law." *McGee*, 2009 WL 2928245, at *4; *see* (Compl.). The prospective relief exception to state immunity, therefore, is inapplicable. The Court finds that the Eleventh Amendment bars Daniels's claim against Defendants in their official capacities because Daniels seeks monetary

damages and retrospective relief, not prospective relief.  No subject matter jurisdiction exists and therefore the claim does not survive Federal Rule of Civil Procedure 12(b)(1).

### 2. Failure to State a Claim

Even if the Eleventh Amendment did not bar Daniels's claims, his claims would still fail under Federal Rule of Civil Procedure 12(b)(6).  Daniels explains that his cause of action stems from "[u]nlawful [s]earch & [s]eizure, [n]o [d]ue [p]rocess, [and] [n]o [e]qual [p]rotection." (Compl. at 2).

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  Thus, to properly plead a § 1983 claim, a plaintiff must identify a violation of a constitutional right or other federal law."  *Pyron v. Ludeman*, No. 10-cv-3759 (PJS/JJG), 2011 WL 3293523, at *2 (D. Minn. June 6, 2011) *report and recommendation adopted*, 2011 WL 3290365 (July 29, 2011) *aff'd sub nom. Hollie v. Ludeman*, 450 F. App'x 555 (8th Cir. 2012) (internal citations omitted).

Here, Daniels has alleged a violation of his Fourth and Fourteenth Amendment rights.[2]  The Court will determine whether Daniels has sufficiently plead a violation of Fourth Amendment, Fourteenth Amendment Due Process, or Fourteenth Amendment Equal Protection rights, and thus, properly stated a § 1983 claim.

### i. Fourth Amendment

The Fourth Amendment provides for the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ."  U.S. Const. amend. IV.  "[I]nvoluntarily civilly committed persons retain the Fourth Amendment right to be

---

[2]  Daniels did not identify which Amendments he was bringing his claim under, rather, he alleged "[u]nlawful [s]earch & [s]eizure, [n]o [d]ue [p]rocess, [and] [n]o [e]qual [p]rotection." (Compl. at 2).  The Court construes his *pro se* pleading liberally and construes Daniels's claims as violations of the Fourth and Fourteenth Amendments.

free from unreasonable searches that is analogous to the right retained by pretrial detainees. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1028 (8th Cir. 2012) (citing *Serna v. Goodno*, 567 F.3d 944, 948–49 (8th Cir. 2009)). "While a pretrial detainee retains 'some Fourth Amendment rights upon commitment to a corrections facility,' his reasonable expectation of privacy is 'necessarily' of a 'diminished scope' given the realities of institutional confinement." *Evenstad v. Herberg*, No. 12-CV-3179 (RHK/JJG), 2014 WL 107718, at *5 (D. Minn. Jan. 10, 2014) (quoting *Bell v. Wolfish*, 441 U.S. 520, 557–58 (1979)). Random room searches at MSOP do not violate the Fourth Amendment. *Pyron*, 2011 WL 3293523, at *6 (citing *Semler v. Ludeman*, No. 09-CV-0732 (ADM/SRN), 2010 WL 145275, at *21 (D. Minn. Jan. 8, 2010)). It is not unreasonable to require a civilly committed individual to wait outside his room while it is being searched. *Evenstad*, 2014 WL 107718, at *5. The Fourth Amendment, thus does not prevent MSOP employees from searching Daniels's living unit. Daniels has failed to state a claim upon which relief can be granted.

     ii.  **Fourteenth Amendment**

   The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The threshold question in assessing Daniels's procedural due process claim is whether he was deprived of a protected liberty or property interest. *Pyron*, 2011 WL 3293523, at *7 (citing *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 445–46 (8th Cir. 1995)). "To state a substantive due process claim, Plaintiffs must allege 'that a fundamental right was violated[ ] and that the conduct shocks the conscience.'" *Id.* at *8 (quoting *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009))

Daniels has not alleged that he has been deprived of a protected liberty or property interest or even that he had a protected liberty or property interest. In addition, Daniels has not alleged that a fundamental right was violated in a manner that shocks the conscience. Daniels has not alleged a violation of his Fourteenth Amendment procedural or substantive due process rights.

"To state an actionable equal protection claim, a complainant must allege a set of facts showing that the named defendants treated the complainant differently from other similarly situated individuals, based on some prohibited form of discrimination." *Knutson v. Ludeman*, No. 10-CV-357 (PJS/LIB), 2011 WL 821253, at *11 (D. Minn. Jan. 12, 2011), *report and recommendation adopted as modified*, 2011 WL 808189 (Mar. 1, 2011) (citing *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008)).

Daniels has not alleged any facts showing that he has been treated differently from other similarly situated individuals based on a prohibited form of discrimination. Daniels, thus, fails to state a violation of his Fourteenth Amendment equal protection rights.

Because Daniels has not properly pleaded a violation of a constitutional right, he has failed to state a claim upon which relief can be granted.

### iii. State Law

"Section 1983 applies only to persons acting under 'color of state or territorial law. . . .'" *Cobb v. U.S. Dep't of Educ. Office for Civil Rights*, 487 F. Supp. 2d 1049, 1055–56 (D. Minn. 2007) (MJD/AJB). "[W]hen a plaintiff seeks relief under § 1983, his complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights." *Knutson*, 2011 WL 821253, at *4. Daniels has not identified a specific

state law under which Defendants were acting when they purportedly violated his federal constitutional rights. *See* (Compl.). Thus, Daniels has failed to state a claim upon which relief can be granted.

### 3. Conclusion[3]

Daniels's 42 U.S.C. § 1983 claim against Defendants in their official capacities fails to withstand Defendants' Motion to Dismiss. First, Daniels seeks monetary damages and retrospective relief, not prospective relief, making his claim barred by the Eleventh Amendment and failing to survive Defendants' Federal Rule of Civil Procedure 12(b)(1). Second, even if the Court could consider Daniels's claim against Defendants in their official capacities, his claim fails under Federal Rule of Civil Procedure 12(b)(6) because he does not properly plead violations of his Fourth or Fourteenth Amendment rights. Therefore, the Court recommends that Defendants' Motion to Dismiss be granted.

### B. Motion to Appoint Counsel

In Daniels's instant Motion to Appoint Counsel, he requests that the Court enter an order informing the Minnesota Chapter of the Federal Bar Association's ("FBA") *Pro Se* Project to "offer consultations" concerning his case. (Second Mot. to Appoint Counsel). The Court decides generally whether Daniels should be appointed counsel, instead of specifically considering the FBA *Pro Se* Project. Daniels argues that he should be appointed counsel because he is civilly committed and cannot find an attorney to represent him, does not have the expertise

---

[3] The Court acknowledges that Daniels filed an objection to Defendants' Motion to Dismiss, however, he only argued that Defendants could not claim immunity because they are individuals not a state entity and "[n]o one is exempt from accountability for violations of a citizen[']s [f]ederally [p]rotected [c]ivil [r]ights. . . ." (Objection to Mot. to Dismiss) [Doc. No. 22]. Daniels did not provide any legal authority for his assertions and the Court addressed above Daniels's failure to properly plead claims against Defendants in their individual capacities. *See* (*id.*). The Court, therefore, does not substantively address Daniels's "Objection."

to adequately present arguments to the Court, and does not have the resources to contact an attorney in the area to "adequately explain [his] issues." (Second Mot. to Appoint Counsel).

There is no constitutional or statutory right to counsel for indigent litigants in civil cases. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir.1998). Appointment of counsel is a matter committed to the trial court's discretion. *Ahmen v. Fenesis*, No. 05-CV-2388 (JRT/FLN), 2006 WL 2604677, at *1 (D. Minn. Sept. 7, 2006) (citing *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir.1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir.1982)). Courts determining whether to appoint counsel should consider "the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the Court would benefit from representation by counsel for both parties." *Id.*

After considering these factors, the Court concludes that the factual and legal issues raised in Daniels's Complaint are not so complex that an appointment of counsel is warranted. Based on Daniels's submissions to date it appears he has the ability to articulate and investigate the factual and legal basis of his claims to the Court. The Court, therefore, denies Daniels's Motion to Appoint Counsel.

## III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Daniels's Motion to Appoint Counsel [Doc. No. 27] is **DENIED**.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss [Doc. No. 16] be **GRANTED**; and
2. This case be **DISMISSED**.

Dated: June 4, 2014

                                          *s/ Steven E. Rau*
                                          STEVEN E. RAU
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **June 18, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.